UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| LANCE ADAMS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| V. | ) | Civil Action No. 5: 23-123-DCR |
| | ) | |
| CROWN EQUIPMENT | ) | |
| CORPORATION, et al., | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendants. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Plaintiff Lance Adams filed this action against Defendants Crown Equipment Corporation (allegedly operating under various names) and Jason Hartings. The original Complaint filed in the Carter Circuit Court asserts that Adams suffered a serious injury while working at a Crown Equipment facility in Mount Sterling, Kentucky. According to the plaintiff, the injury occurred on or about March 23, 2022, while he was "carrying out his job duties and assignments, as assigned to him by his employer . . ." [Record No. 1-1, p. 6]

**II.    Adams' Allegations Regarding Hartings**

Adams makes the following assertions regarding Hartings' involvement in paragraphs 3, 6, 7,10 and 11 of his Complaint:

> 3.      The Defendant Jason Hartings is the Operations Manager for the Defendants Crown, at the Lexington, Ky, branch, maintained and operated by the Defendants, Crown, as an agent, ostensible agent, servant, and employee of said Defendants Crown, and as such is responsible for the daily operations, performance, maintenance, and satisfactory completion of the daily business duties and tasks, by the various agents, ostensible agents, employees, and servants of Crown, working and carrying out assigned work tasks from said Lexington, Kentucky location.

6.      At the same time that the Plaintiff, Lance Adams, was carrying out his work and assignments as assigned to him by his employer, the agents, ostensible agents, employees and servants of the defendants, Crown and Jason Hartings, were present in the building where the plaintiff's employer was carrying out his business, as said agents, ostensible agents, employees and servants, of the Defendants Crown were in the building of the Plaintiff's employer for the purpose of performing maintenance and upkeep on certain items of equipment owned and maintained by the Defendants Crown, and leased and or assigned to the Plaintiff's employer.

7.      While the agents, ostensible agents, employees and servants of the Defendants, Crown and Jason Hartings were carrying out their chores, they proceeded to perform said maintenance and upkeep of the said equipment owned by Crown, and leased to the Plaintiff's employer, in a negligent fashion and reckless and careless manner, causing water to accumulate upon the floor of the Plaintiff's employer's business at places and locations of common travel, where the Plaintiff and other of his fellow employees were walking, traveling and operating heavy equipment of their own, including forklifts.

10.     As a result of the negligence of the agents, ostensible agents, employees, and servants of the Defendants Crown and Jason Hartings, as aforesaid, the forklift which the Plaintiff was operating then careened out of control on the slick floor surface, and crashed causing the Plaintiff, Lance Adams to be severely injured, suffering severe injury to his left hand, left arm, neck, head and body as a whole.

11.     The defendant Jason Hartings negligently failed to properly oversee the work performance of the agents and ostensible agents who failed to properly assure that the aforesaid equipment was properly maintained in an orderly, prudent, safe and workmanlike manner, and further failed to assure that all persons performing said tasks were properly trained and instructed as to said techniques and procedures, and the use of warning procedures when such a hazard developed, as developed in this case, which negligence and failure of the Defendant Jason Hartings directly and proximately caused the injuries of the Plaintiff as aforesaid.  Said Defendant, Hartings, specifically failed to assure that the individuals performing maintenance on the subject equipment recognized the risk that water on the floor posed to other fork-lifts operating in the area and that said individuals were using proper protocol and safety measures to protect and to prevent exposing other fork-lift operators to said risk.

[Record No. 1-1, pp. 11-13]

This action was removed to this Court on April 14, 2023.  [Record No. 1]  Shortly thereafter, Defendant Hartings moved to dismiss the claims asserted against him based on

lack of personal jurisdiction pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure. [Record No. 7] Plaintiff Adams has not responded to the motion within the time provided by the Joint Local Rules for the Eastern and Western Districts of Kentucky. *See* Joint Local Rule 7.1(c).

## II. Hartings' Rule 12(b)(2) Motion

As this Court has recognized on prior occasions, personal jurisdiction over a defendant is an essential element of jurisdiction, without which the Court may not proceed to an adjudication. *Dalton, on behalf of Estate of Meadors v. Ferris*, 2019 WL 5581338, at 2-3 (E.D. Ky., October 29, 2019) (citing *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 583, 584 (1999)). Further, the plaintiff has the burden of proving that personal jurisdiction exists. *Theunissen v. Matthews*, 935 F.2d 1454, 1458 (6th Cir. 1991) (citing *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936)). "[I]n the face of a properly supported motion for dismissal, the plaintiff may not stand on [her] pleadings but must, by affidavit or otherwise, set forth specific facts showing that the court has jurisdiction." *Id.*

Where the issue of personal jurisdiction is decided based on written submissions, the plaintiff need only make a *prima facie* showing that personal jurisdiction exists. *See Serras v. First Tenn. Bank Nat. Ass'n*, 875 F.2d 1212, 1214 (6th Cir. 1989). This showing may be established based on the plaintiff's presentation of specific facts, by affidavit or otherwise. *Theunissen*, 935 F.2d at 1458. And when offered, the court must accept the plaintiff's factual allegations as true. *Bird v. Parsons*, 289 F.3d 865, 871 (6th Cir. 2002).

As noted in the defendant's motion, personal jurisdiction can be general or specific. General jurisdiction arises when "a defendant's contacts with the forum state are of such a 'continuous and systematic' nature that the state may exercise personal jurisdiction over the

defendant even if the action is unrelated to the defendant's contacts with the state." *Third Nat. Bank in Nashville v. WEDGE Grp., Inc.*, 882 F.2d 1087, 1089 (6th Cir. 1989) (citing *Perkins v. Benguet Cons. Mining Co.*, 342 U.S. 437 (1952)). Conversely, specific jurisdiction is established when the suit arises out of or is related to the defendant's contacts with the forum state. *Id.* (citing *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 455 U.S. 408, 414 n.8 (1984)).

For specific personal jurisdiction to exist in a diversity case, the exercise of jurisdiction must comport with the forum state's long-arm statute and constitutional due process. *Miller v. AXA Winterthur Ins. Co.*, 694 F.3d 675, 679 (6th Cir. 2012); *Caesars Riverboat Casino, LLC v. Beach*, 336 S.W.3d 51, 56-57 (Ky. 2011) (discussing K.R.S. § 454.210). Kentucky's long-arm statute provides that "[a] court may exercise personal jurisdiction over a person who acts directly or by an agent, as to a claim arising from the person's:

1. Transacting business in this Commonwealth;

2. Contracting to supply services or goods in this Commonwealth;

3. Causing tortious injury by an act or omission in this Commonwealth;

4. Causing tortious injury in this Commonwealth by an act or omission outside this Commonwealth if he regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in this Commonwealth, provided that the tortious injury occurring in this Commonwealth arises out of the doing or soliciting of business or a persistent course of conduct or derivation of substantial revenue within the Commonwealth;

5. Causing injury in this Commonwealth to any person by breach of warranty expressly or impliedly made in the sale of goods outside this Commonwealth when the seller knew such person would use, consume, or be affected by, the goods in this Commonwealth, if he also regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in this Commonwealth;

6. Having an interest in, using, or possessing real property in this Commonwealth, providing the claim arises from the interest in, use of, or possession of the real property, provided, however, that such in personam jurisdiction shall not be imposed on a nonresident who did not himself voluntarily institute the relationship, and did not knowingly perform, or fail to perform, the act or acts upon which jurisdiction is predicated;

7. Contracting to insure any person, property, or risk located within this Commonwealth at the time of contracting;

8. Committing sexual intercourse in this state which intercourse causes the birth of a child when: a. The father or mother or both are domiciled in this state; b. There is a repeated pattern of intercourse between the father and mother in this state; or c. Said intercourse is a tort or a crime in this state; or

9. Making a telephone solicitation, as defined in KRS 367.46951, or a charitable solicitation as defined in KRS 367.650 via telecommunication, into the Commonwealth.

Ky. Rev. Stat. § 454.210.

To satisfy the requirements of due process, a plaintiff must establish that the defendant purposefully availed himself of the privilege of acting in the forum state or that he intentionally caused a consequence in the forum state; the cause of action arose from the defendant's activities in the forum; and the defendant's acts or consequences caused by the defendant have a substantial enough connection with the forum to make the exercise of jurisdiction reasonable. *MAG IAS Holdings, Inc. v. Schmuckle*, 854 F.3d 894, 899 (6th Cir. 2017).

Purposeful availment is the most important of these considerations and is satisfied by the "kind of substantial relationship with the forum that invokes, by design, the benefits and protections of its laws." *LAK, Inc. v. Deer Creek Enters.*, 885 F.2d 1293, 1300 (6th Cir. 1989) (internal quotation marks and citation omitted). This requirement ensures that a defendant will not be haled into a jurisdiction solely because of random, fortuitous, or attenuated contacts. *Id.* (citing *Burger King*, 471 U.S. at 475).

In the present case, Defendant Hartings contests the allegations in paragraph 3 of Plaintiff Adams' Complaint, asserting that the allegations are false. [Record No. 7, p. 2] Although the defendant concedes that he was formerly Operations Manager of Crown Equipment Corporation, doing business as Crown Lift Trucks Lexington, he was transferred to St. Louis Missouri in April 2018 where he became the Branch Manager of Crown Equipment Corporation, doing business as Crown Lift Trucks St. Louis. [*Id.*] Since this transfer, Hartings avers that he "has not performed any work for the Crown Equipment Corporation d/b/a Crown Lift Trucks or the Crown Equipment Corporation d/b/a Crown Lift Trucks Lexington; and has not transacted business in the Commonwealth of Kentucky." [*Id.* at 3]

Further, "[o]n March 3, 2022, the date of the alleged accident, Mr. Hartings was not physically present in the Commonwealth of Kentucky, nor did he have any responsibilities related to the work that Crown Equipment Corporation, Crown Equipment Corporation d/b/a Crown Lift Trucks, and/or Crown Equipment Corporation d/b/a Crown Lift Trucks Lexington performed within the Commonwealth of Kentucky. . . . He engaged in no conduct within the Commonwealth of Kentucky on behalf of Crown Equipment Corporation d/b/a/ Crown Lift Trucks Lexington or any other entity affiliated with Crown Equipment Corporation." [*Id.*]

Based on Defendant Hartings' affidavit, this Court may not exercise personal jurisdiction over him unless contradictory information is presented by Adams. Hartings has offered sufficient proof that he was no longer residing in Kentucky at the time of the plaintiff's accident (March 23, 2022) and had not resided in the Commonwealth since his transfer to St. Louis, Missouri in April 2018. Further, he held no supervisory position with any Kentucky

location affiliated with Crown Equipment Corporation following his transfer. With this showing, the burden shift to the plaintiff to offer some contradictory evidence or information.

Because the plaintiff has not presented specific facts in response to the defendant's motion to show that his claims against Hartings arise from contacts Hartings has with Kentucky (systematic or otherwise), the Court lacks jurisdiction over him. Further, asserting personal jurisdiction over Hartings based on his past contacts with Kentucky (occurring nearly four years prior to the accident in dispute) would offend traditional notions of fair play and substantial justice. Due process requires contacts which are "so pervasive" that they support a finding of jurisdiction "even [though] the suit has nothing to do with those contacts." *Conn v. Zakharov*, 667 F. 3d 705, 718 (6th Cir. 2012). Like specific jurisdiction, general jurisdiction must be proper not only under the Due Process Clause, but also under the long-arm statute of the forum state. *Id.* at 711. However, asserting jurisdiction under Kentucky's long-arm statute has no factual basis in this case. Accordingly, it is hereby

**ORDERED** that Defendant Hartings' motion to dismiss based on lack of personal jurisdiction over him pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure [Record No. 7] is **GRANTED**. The claims asserted against Defendant Hartings in this proceeding are **DISMISSED** without prejudice.

Dated: May 17, 2023.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky